The next case on the call of the docket is agenda number 13 case number 126139 Samuel Valerio versus Moore Landscapes, LLC Mr. Gillespie May proceed Mr. Gillespie, please proceed Good morning, your honors My name is Peter Gillespie. I along with my co-counsel Brian. Oh, I'm sorry Thank you COVID My name is Peter Gillespie and I along with my co-counsel Brian Jackson who is seated are here on behalf of defendant Moore Landscapes, the appellant who is also represented by court in the morning council and May it please the court This action is here on a Motion to dismiss that was granted by the circuit court on an action that was brought pursuant to section 11 of the Prevailing Wage Act which provides for a limited cause of action to enforce stipulations between a public body and a contractor to pay prevailing wages the appellate court Reversed the decision of the circuit court to dismiss the case pursuant to 2615 or 2619 apologies, and so the question before the court is is really primarily an issue of statute statutory interpretation of the meaning of stipulation under section 11 of the Act and as well as its interplay with the other portions of Prevailing Wage Act itself and in particular section 4e of the Prevailing Wage Act which provides for The stipulation that is required from a public body to a contractor Under the Prevailing Wage Act and section 4e specifies That the public body has an obligation to provide a stipulation to pay that the contractor will pay prevailing wages for all work to be performed under the contract and when the public body grants that includes that stipulation and the contractor agrees pursuant to the stipulation that Under that contract the laborers will all be paid at the prevailing wage section 11 provides for a right of action in a case where the laborers weren't paid in accordance with that stipulation It's a fairly straightforward Remedy that's provided among many remedies under the Prevailing Wage Act now in this case The circuit court and the appellate court both found that the contracts at issue did not include stipulations and They reached opposite conclusions about what that meant for purposes of the claim The trial court found that in the absence of a stipulation there is the Remedy that's provided under section 11 Isn't available because it's a limited remedy That's limited to enforcing a stipulation The appellate court correctly agreed that there was no stipulation in the contracts at issue However, the appellate court Changed the nature of the claim that's under section 11 By substituting the words out of the statute particularly stipulated rate stipulation in a contract and Changing the claim to simply a claim for prevailing wages under section 11 of the Act and To allow the case to go forward They erred in doing that. I think primarily based on failing to recognize all of the remedies that are otherwise available under the Prevailing Wage Act and I'd like to shift a little bit and talk about some of the background on the case, which I think helps illuminate Why we're here today and the predicament that We're currently facing. Moore Landscapes is a landscaping company They have contracts with the Chicago Park District that are at issue in this case, they're attached to the complaint Landscaping is fairly unique under the Prevailing Wage Act Because the Prevailing Wage Act speaks to construction projects, speaks to demolition projects and Certainly you can have landscapers who are involved on those types of projects and when they are They're to be paid at a prevailing wage But there's a whole host of landscaping that can be done for public bodies that doesn't involve construction and does not involve demolition work and doesn't need to be paid at prevailing wage. If there's a third-party contractor that's out there mowing the lawn of The grounds in front of this court The fact that they would be performing the work for the state of Illinois doesn't mean that that contractor needs to be paid at a prevailing wage and In order to try to help resolve some of the confusion that may exist over the boundaries between covered work and non-covered work when it relates to landscaping The Illinois Department of Labor in 2013 I believe Published an FAQ document that began to list out the types of work that were covered by the Prevailing Wage Act and that need to be paid at prevailing wage and the types of work that don't need to be paid at prevailing wage And they list things like gardening and they list a number of different They talk about you know after a certificate of completion has been issued on on a public work After that any landscaping that occurs after that may not necessarily need to be paid at prevailing wage And so there are categories of work that need to be paid at prevailing wage or categories of work that don't need to be paid at prevailing wage and So when the Park District was preparing its contracts Presumably they understood the FAQ document. They actually attached the FAQ document to the third contract That's an exhibit of the complaint and they recognized that The nature of these contracts they included gardening they included turf upkeep and they included a number of different Tasks that more landscapes was being asked to do for the Park District they understood not all of this was going to have to be paid at a prevailing wage and So in the agreement they put a clause in that said You need to pay you more landscapes need to pay prevailing wage when you're required to do it and That language differs very much from the language That's in 4e that would apply if this were a public works because 4e states That the stipulation would be all the work that's being performed under the contract has to be paid at the prevailing wage Here in effect, they left it to more landscapes to figure out whether or not they needed to pay the labor at a prevailing wage and In effect You know in so many words they punted a little bit and the Illinois Department of Labor recognized that that situation Can happen and they've also published an FAQ document that was reviewed by the trial court and was also reviewed by the appellate court that says when a public body states that Prevailing wages need to be paid when required or similar language to what the park district used That's not a stipulation within the meaning of 4e and The the trial court and the appellate court both correctly relied on that FAQ document to say The contracts that are in front of us don't include stipulations and The difference between The outcomes really centers around a question of well, what does that mean for the laborers? Do they get paid prevailing wage? Do they not get paid prevailing wage and Our position with respect to that is That because there is no stipulation. They're effectively in the wrong forum section 6 of the act provides that the Department of Labor has broad authority to enforce the statute Section 11 of the statute says that Laborers who haven't been paid prevailing wage who are owed prevailing wage regardless of the stipulation can go to the Department of Labor and file a complaint and the Department of Labor has investigatory authority and in reading section 11 and the term stipulation and Understanding why it was not appropriate correct for the appellate court to substitute in prevailing wage for Stipulation you can look at 4g of the statute because 4g describes the process that the Department of Labor is supposed to follow when they have been brought in to investigate whether or not prevailing wages were paid and One of the key differences between a Department of Labor investigation and the courts authority Under the limited right of action in section 11 is that the Department of Labor is bringing in the public body and the Department of Labor can assess Did and take into account and they're instructed under 4g to take into account Did the public body fulfill the obligation under 4e to include a stipulation in the contract and The remedy that the Department of Labor was instructed by the legislature to enforce under 4g Where there's not a stipulation Is very different than the remedy that the court is authorized to implement under under section 11 Where there is a stipulation because under 4g what the legislature said is when the Department of Labor finds that the public body did not include a stipulation and Didn't include a proper notice or follow the the prevailing wage act and provide me notice of stipulation It's the public body that would end up having to pay penalties That would end up possibly having to pay interest and the interest under section 11 is significant as 2% a month The penalty is 20% under section 11 If this claim were in front of the Department of Labor More landscapes could certainly point at that point to the FAQ and say hey We weren't given the stipulation read your FAQ compare it to the contract We weren't given the stipulation so Even if we need to pay the laborers prevailing wage, which we don't we don't Agree, we do at this point But even let's just say for sake of argument that there was some work and we made a mistake the consequences to more landscapes is radically different if this were a Department of Labor investigation as opposed to a Section-11 We are effectively being treated as if we blew off a stipulation You know under section 11 it presupposes that the public body did what it was supposed to do the public body Included in the contract something that says all the work is being done under this agreement has to be paid a prevailing wage What does that do to the for the contractor for one thing the contractor knows that when they submit a bid That the that the public body is prepared to pay the prevailing wage and not You know a standard rate which would be you know in this case subject to a collective bargaining agreement and The landscaper understands that anybody else who's bidding for the work Would be bidding at the higher rate and the landscaping amicus council the Illinois landscaping Collective Association the bargaining association pointed out the difference and it's in the complaint as well The difference here is the pay rate doubles more than doubles When we're talking about paying landscapers prevailing wage the bargain for rate is about is a little more than $18 an hour the complaint says are The landscaping crews were paid $18 an hour. They're seeking more than $40 an hour Pay rate doubles and when you're submitting a bid it makes a big difference when you're calculating the labor at $18 an hour versus $40 an hour So if you have a stipulation that says all the work it will be paid at prevailing wage You have some confidence that when you submit your bid and say our labor charges are all calculated out at $41 an hour That it will be accepted and understood and you're not going to get undercut by somebody else And So The legislature in creating the limited right of action under section 11 Understood that they're dealing with a much narrower set of facts than what we have here because what section 11 Provides for is a situation where you have a contractor Who submitted a bid? Knowing that all the labor costs were to be paid at the prevailing wage Understood that the public body was prepared to pay wages at the prevailing wage Understood that they agreed to pay prevailing wage Possibly I don't know charged the public body At a prevailing wage rate because they were told to so it's certainly possible under some circumstances that the legislature was considering The contractor was paid at the prevailing wage rate yet. You've got the employees who are paid at the lower rate At that point the legislature considering that set of circumstances Not present in this case said there are really stringent penalties that are applicable to a contractor Who agreed that they were going to pay prevailing wages? Did the work based on an agreement that they were going to pay prevailing wages and yet didn't pay the guys at the at the prevailing rate And those penalties are 20% to the Department of Labor. There's 2% interest and there are attorneys fees This case there either was no stipulation and The facts of this case are very different Than what a court would be called upon to look at if there were a stipulation Because it's relatively straightforward to look at a case where there's a stipulation saying everybody was supposed to get paid At one rate and they were paid at a different rate in our case When they when the case was filed Originally the plaintiffs, you know said that there was a stipulation They then once we argued back and and her motion to dismiss. No, there is no stipulation They then filed affidavits some of them did nine of them did saying look the work that we were doing Really should have been paid at prevailing wage Well, then those are a set of facts that need to be evaluated by the trial court Does a prevailing wage really apply to these circumstances the legislature in section 11 Did not contemplate that That would be done by the trial court That authority was given to the Department of Labor under the broad grant of enforcement authority that they have And one of the key differences from more landscapes perspective is when the Department of Labor is investigating There's no attorney fee shifting that would go on and there's a possibility that these penalties Wouldn't be assigned to us. They might be assigned to the park district. We don't the section 11 does not provide that type of discretion to The trial court and plaintiffs certainly aren't here saying well look we're gonna forego that You know, they are they're seeking these penalties are seeking attorneys fees when we never agreed Overall that 100% of the work on these park district contracts. We're gonna be paid at the prevailing wage rate Counselor your basically argument is that the public body dropped the ball Well, I lost I'm not gonna go so far as to say that because I think the public body is looking at a situation Where you know, one of the contracts is titled gardening work gardening work wouldn't be paid at a prevailing wage And they may not necessarily been able to anticipate Everything that needed to be done these tree planters who are here bringing their claim they're talking about situations where trees went in where they don't think that a Disease tree was removed because under the FAQ if you remove a disease tree and replace it That's not paid a prevailing wage if you install a brand new tree, it would be paid at prevailing wage So it may be the case that the park district is saying look we evaluated this. We don't think prevailing wages apply But if they do it's up to more landscapes to figure out and go ahead and pay that so I'm not necessarily going to point a strong finger at the park district because I You can understand that where there are variables and factual variables about when prevailing wages apply and when they don't Which aren't present in a lot of construction contracts. I don't necessarily blame the park district for the approach that they took Counselors your argument really that there is no right. There is no private cause of action. The only action would be under the Under the Department of Labor is that it under these facts? Yes, your honor under these facts in the absence of the stipulation The the remedy to pursue prevailing wages is with the Department of Labor It's not through a private right of action And I believe that the appellate court misunderstood our this issue and thought that we were trying to outright deny The claim for prevailing wages. All we're saying is it's in the wrong forum it it should not be brought as an action under section 11 because of Gross differences in the remedies and my time is up. I certainly appreciate everybody's time. Thank you Mr. Habib The Morning your honor and Let me just say this. I'm here with my co-counsel brunette or no Donald Chi respectfully Admire the arguments made simply now by mr. Gillespie, but I'm going to start off saying he is incorrect on the facts Because the only facts that are before this court The ones that were in my verified complaint, which I had all 12 of my plaintiffs sign and in the affidavits we submitted imposing the motion to dismiss So if we look at the uncontested facts I have 12 plaintiffs who've been employed by more landscaping in some cases for many years in some cases only a few years at this point I Set forth in the complaint and in our affidavits. They are tree planters. They are not gardeners They don't mow lawns they go in and they plant trees and they also do what's called hard scrabble work Which is basically working with stone They brought this lawsuit asking for their day in court. So the uncontested facts are this Before the court are 12 tree planters Before the court they are employed by more landscapes Before the court more landscapes and the Chicago Park District entered into a contract to do work on public works at this point The contract states the prevailing wage will be paid if applicable Listening to Moore's argument in which he says well That is not a fact before the court Because the issue was decided by the trial court simply on the basis at this point it granted a two six one nine motion Stating that under the statute as it read chapter 11 at section 11 at this point that the plaintiffs could not proceed That was the sole point that the trial court made The appellate court looked at it differently at this point. The appellate court first examined the statutes involved and Section 1 section 130 dash 1 states. It is the public policy of the state of Illinois and This wording was totally absent and all the briefs filed by more landscapes. It is the public policy of the state of Illinois That labor is at this point on public works be paid the prevailing wage section 130 dash 2 States that public works basically includes almost anything that is being worked on at this point Section 4 has been interpreted and that is where it states at this point that the contractor has to pay the prevailing wage and Cases which have gone through this and I cited plant and I cited Sackville have held that even where the contractor is not given Notice that he has to pay the prevailing wage. He still has to pay it. No ifs or buts about it section 4 also contrary to what counsel just said Only the Department of Labor can hear this matter The actual statute Under section 4e Which he quoted states the public body or other entity Awarding the contract shall cause to be inserted in the project specifications and the contractor stipulation, etc be paid the prevailing weight rate of wages as found by the Department of Labor or Determined by the court on review shall be paid to all laborers workers mechanics performing work under the contract section 4f again states the prevailing weight of wages ascertained by the Department of Labor or Determined by the court on review shall be paid to all laborers workers and mechanics performing work on the project So the idea that the legislature when it enacted this statute Intended that the Department of Labor would have exclusive control over this issue It's absent from the statute more important. It's absent from any cases that have ever considered the prevailing wage statute We sued under section 11 Section 11 it is clear and the appellate court set forth that at this point that there is a private right of action Which we can undertake and which we could sue under The words came down to the stipulated rate of pay Now the contract in this case states the prevailing wages will be paid if applicable More and counsel just took this position before the court, but it also took this position in its reply brief It says more has discretion as to whether it will pay the prevailing wage or not My guys were being paid $18 an hour The prevailing wage is $41 an hour if more is the sole entity which has discretion Well, what do you think they're going to do? I'd much rather pay $18 an hour than $41 an hour What more is it effectively saying is you're going to disregard the statute? Disregard what the legislature has stated at this point as far as the public policy of the state and that us only more Decide whether or not we are going to pay at this point the prevailing wage Counsel did the plaintiffs have a private right of action under section 11? To have the trial court determined in the first instance If and to what extent the prevailing wage applies to this work that was done. Yes Because I read it number one we passed section 11 we stated at this point that we have a private right of action It doesn't state at this point that we have to exhaust administrative remedies It doesn't say at this point that we first have to play it go through the Department of Labor This is not a situation. I can compare it for example to the EEOC No, but do you agree that there was no stipulation in this contract? No, I don't agree. You think there was a There was a stipulation right as long as the contract states at this point prevailing wage of applicable to me That's a stipulation. I thought that wasn't there a Department of Labor Publication that said that that is not a stipulation or it's not That's supposed to be the way it's done What the Department of Labor and the only matter that came up and I would point out this was decided to six one nine motion We never had a hearing before the court. This didn't even come up at this point But the Department of Labor said is that in certain situations at this point? If you're doing landscaping work, for example, if I'm replacing a diseased tree, right? The more doesn't have to pay me the prevailing wage if I'm putting in two new trees though around that disease tree In that case I have to be paid the prevailing wage Frankly, that's what we set forth in our complaint and in our affidavits in opposition to the motion to dismiss So when I look at stipulated rates of pay at this point one, frankly I thought even though the appellate court didn't find it the appellate court found the statute unambiguous Frankly one can argue is somewhat ambiguous by what they meant by stipulated rates of pay But even if we find the statute to be ambiguous Then given the fact that the public policy of the state of Illinois Is that the prevailing wage must be paid on all public work projects? We have to interpret it not limitedly not strictly or not narrowly We have to interpret it in favor of the worker at this point and his right to receive the prevailing wage Now all we're asking to do is have our day in court All we're asking to do and this was the surprise to me all these issues frankly could have been hashed out before the trial court It could have been decided at this point as far as fact issues if more comes in and says We didn't have to pay the prevailing wage Because the guy all the guy was doing was mowing the lawn or the disease tree or anything along these lines But the only facts that are before this court right now is the ones we set forth and those facts are We were tree planters In the affidavits we said about this idea where they were raising under an FAQ that there was a disease trees No, we were planting new replacement trees. We were planning different trees around. We were doing other types of work That's the only facts here The reason war doesn't want to hash out the facts in the trial court is because if they're found to have been Obligated to pay the prevailing wage even in some small amount Correct me if I'm wrong. They're on the hook for attorney's fees. They're on the hook for costs. They're on the hook for 20% Surcharge the Department of Labor Possible punitive damages to your clients. I mean those are all things that they're not on the hook for under section 4 actually This situation is this number one my clients the ones that are being paid $23 less an hour by more than they should have been so any sympathy for more About unfortunately, we don't want to go through at this point. I find misplaced But the second point is this More made the decision at this point more was supposed to know the law They were supposed to know what the law is as far as paying prevailing wage And I'd point out at this point in the Sackville case where we had a subcontractor who was brought on to a job Had no knowledge of the prevailing wage at this point said the trial court ruled in that situation It's unfair to make him pay the prevailing wage and frankly in front of the appellate court It got hit and they said tough luck. You're supposed to know the law if you are doing work on a public project You're supposed to pay your employees the prevailing wage regardless of the not you knew about it or not and As far as more is concerned You know more when we more filed the motion to dismiss Did not try to argue say at this point this whole issue about going for the floor of the Department of Labor Did not appear before the trial court It appeared only in fact before the Supreme Court because in the trial court It simply said we don't have no section 11 does not give you a private right of action Because of the stipulated way of pay argument at this point So they didn't raise this issue that we were in the wrong form after the appellate court ruled in our favor at this point That's when this whole argument came up before the Supreme Court at this point that Gee, we don't mind not, you know paying the prevailing wage, but you should have gone in front of the Department of Labor So this argument as far as the Department of Labor has basically exclusive jurisdiction Always came into play when they went before the Illinois Supreme Court when the appellate court ruled against them there Now I just want to emphasize this one thing what the appellate court said was this Regardless of whether or not right the contract said prevailing wage Regardless of what the park district wanted the law is clear Under the statute at this point in effect the contract could not take away the rights at this point of the workers to receive the prevailing wage and Frankly, you know, I'm back to basically going back to this situation This is a two six one nine motion, which was granted If the Supreme Court affirms the appellate court all that happens is we go back to the trial court We have our limited right of action if they had defenses saying you didn't really do this at this point You didn't really do that. We didn't have to pay the prevailing wage for this We didn't have to pay the prevailing wage for that. Remember I have 12 plaintiffs at this point Maybe there are differences in situation. That's the type of thing we decide before the trial court We don't say right now you do not entitle to your day in court and that is basically what more is trying to argue Now one last point because your honor raised it again. I cited section 4e I cited section 4f Both speak in terms of that either Department of Labor or a court on review can ascertain at this point whether or not The prevailing wage was to be paid and also at this point what the prevailing wage is So based on that All I'm asking this court to do is affirm the appellate court Send the case back down to the trial court if more has defenses there They could raise them before the trial court at this point. We would have an evidentiary hearing etc But at the moment the only facts that you have in front of you at this point is that we work for more More had contracts with the park district these contracts involved work on public projects We were only paid $18 an hour We should have been paid $41 an hour and under section 11 We have the right of action to sue for the difference at this point The court has any further questions Thank you, thank you your honor Mr. Gillespie Thank you Thank you your honors Your honors first with respect to the complaint that was originally brought I Would point out that if you look at paragraph 22 of the verified complaint plaintiffs actually agree with our position about I'm also the health and safety lawyer for my firm. So I'm really kind of a mask. I apologize If you look at paragraph 22 of the verified complaint plaintiffs actually agree with our position and our At that point in time agreed with our position and our read of section 11 because in paragraph 22 of the verified complaint They say that section 11 provides for a limited right of action to enforce the stipulation The Illinois Department of Labor Published two FAQs counsel for plaintiffs discussed the FAQ about the scope of Prevailing wages as it comes to landscape and the other FAQ That we recited to the trial court we cited the appellate court has relied on both discussed When a public bodies has satisfied its obligations under 4e to provide a stipulation the appellate court circuit court reviewed that FAQ document that specific FAQ document and Agreed with us that this contract that the contracts at issue Do not include stipulations and counsel has talked about well, what are the facts in front of the court? Those facts were in front of the court as well. Those contracts were present as exhibits. They were reviewed by the court The trial court they were reviewed in connection with the FAQ document that was provided By the Department of Labor about what is a stipulation? What is the what is the public body's obligation under section 4 to provide a stipulation they agreed and deferred correctly under Abrahamson with the Department of Labor's evaluation of What is the stipulation and they agreed that the stipulations do not exist? In any of the three contracts that are in the facts before the trial court and I Would also disagree that we hadn't raised the issue of Where should this case be brought the appellate courts decision? Reflects that they understood our position that did this claim belongs in front of the Department of Labor and we certainly noted to both the trial court and of the appellate court that The Department of Labor has enforcement authority that we believe applied because we were citing to 4g of the statute to point out that there's a difference in language in section 11 of the statute when it talks about enforcing stipulations and in 4g where the legislature said That the Department of Labor is required to determine whether or not prevailing wages applied and should have been paid That remedy is what the appellate court incorrectly inserted into section 11 This court can recognize that had the legislature intended section 11 to provide for a claim Simply to enforce whether or not prevailing wages should have been paid They could have used the same language that they used in 4g and inserted it into into 4 into section 11 They didn't do that now as Counsel pointed out we did raise constitutional issues about the fact that the statute has been in effect amended by the decision of the appellate court to change the nature of a claim under under section 11 to one where a laborer can pursue prevailing wages when the legislature said that they can only pursue a stipulation and Incorrectly delegated to plaintiffs the ability to enforce the prevailing wage act in the absence of a stipulation section 6 provides That the Department of Labor has broad authority to enforce the statute Section 11 is a narrow exception to the Department of Labor's Enforcing authority is recognized by plaintiffs in paragraph 22 of their pleading that they're only permitted to enforce a stipulation the appellate court broadened that and took out the meaning of What the legislature intended when it said that the plaintiffs could proceed with a claim And even in the absence of a stipulation that is contrary to all canons of construction of statutes It's contrary to the intent of the legislature as evidenced by the fact that in section 4g where there's no stipulation You can bring a claim against the public body with the Department of Labor That the Department of Labor has the ability to allocate Who's paying penalties under those circumstances in the way that the trial court's not authorized to do under section 11? and These changes that the appellate court made Cannot stand the decision should be reversed the trial courts decision should be affirmed This issue is not whether or not more landscapes have the ability under the contract to pick and choose Whether or not to pay prevailing wages It's that they weren't told that they had to pay prevailing wages to all the work And so when we say that there was discretion it was we were left to figure out Whether or not prevailing wages needed to be paid if there was a mistake That can be brought with the Department of Labor and and they can sort it out The legislature never intended for this case to end up in the circuit courts Counsel is it your position that a condition proceeding to bringing an action for breach of the Prevailing wage act is to have a stipulation in the contract In effect yes, because what section 11 says is that the private right of action is To enforce the stipulation it even speaks to the remedy that the first remedy that's available to the plaintiffs in A section 11 claim is that they're paid the difference between the stipulated rate Notice they said the stipulated rate. They didn't say the prevailing wage They said the stipulated rate and the actual rate paid and in the absence of a stipulation You can't have Logically you cannot have a stipulated rate and so I'm not necessarily sure it would be a Condition proceeding, but certainly in the absence of stipulation there is no authorization to bring the claim in front of the trial court the remedy is to go to the Department of Labor and Ask them to take a look at the situation and determine whether or not prevailing wages should have been paid or not I Appreciate everybody's time here this morning your honor if there are no other questions I would simply just ask that the appellate courts decision be reversed But the trial courts decision be affirmed and that the court enter an order dismissing this case Thank you 6 1 3 9 Samuel Valerio versus more landscape LLC Will be taken under advisement as agenda number 13 We thank you. Mr. Gillespie and mr. B for your oral arguments this morning